## J. W. Riggins v. W. H. Thompson et al.

### No. 1015.  Decided December 22, 1902.

**1.—Restraining Order—Permanent Injunction—Perpetual Injunction.**

A restraining order forbidding acts sought to be enjoined pending a hearing as to whether injunction issue, and in force by its terms only till such hearing, distinguished from a permanent injunction, which, though not perpetuated on final hearing, may be kept alive by an appeal till such appeal is disposed of, and both from a perpetual injunction issued by the trial court on final hearing.  (Pp. 157, 158.)

**2.—Same—Appeal from Dissolution of Restraining Order.**

An order, on presentation to the trial judge of a petition for injunction, that the defendants be cited to show cause why permanent injunction should not issue, and that a restraining order "pending such hearing" issue to them as prayed for, expired by its own limitation on the hearing and denial of the application for injunction, at which the restraining order was dissolved on defendants' motion and the case dismissed on plaintiff declining to amend; an appeal by plaintiff from such judgment did not keep the restraining order in force during its pendency.  (Pp. 156-159.)

**3.—Injunction—Appeal—Jurisdiction of Appellate Court.**

The court of civil appeals has power to issue injunction only so far as necessary to protect its jurisdiction, and its order to appellees to observe, "during the pendency of this cause," a temporary restraining order issued by the trial court expired by its limitation upon the final determination of the appeal, and was not kept in further force by the filing of application for writ of error from the Supreme Court.  (P. 159.)

Motion to punish for contempt in violating an injunction issued in the courts below and claimed to be still kept in force by the filing of a petition for writ of error in the Supreme Court.

*J. B. Scarborough* and *W. S. Baker*, for J. W. Riggins.  [From a motion for rehearing which was overruled.]—1.  The court erred in holding that the restraining order granted by the court below expired by limitation, because the order by its terms survived until the final hearing of the case.

2.  The court erred in overruling said motion for contempt, because, regardless of the final rights of either of the parties to said cause, contempt set in when the alderman and city attorney proceeded with the trial of Mayor Riggins after notice of the pendency of our application for a writ of error to this honorable court.

3.  The court erred in overruling said motion for contempt, because the writ of error sued out from this honorable court and the proper supersedeas bond filed in the court below stayed all further proceedings, it being undisputed that the alderman and city attorney knew of these facts.  We respectfully cite the case of Wilson v. State of North Carolina, 169 U. S., 597-8.

4.  This court erred in holding that the injunction was not effective when the proceedings for the removal of said Riggins were had, because the Court of Civil Appeals, on appeal in said cause, held that the said injunction was kept alive by the appeal and the supersedeas

bond, and said order of the Court of Civil Appeals, not having been appealed from, vacated or set aside, was binding upon the defendants in error.

*West & Cochran* and *Brooks & Shelley,* for respondents.—Treating the proceeding as remedial in favor of complainant Riggins, we submit that this court should not require respondents to rescind their action in trying respondent, because:

1. The refusal of a writ of error by this court terminated all jurisdiction as a matter of right in favor of respondents as to their authority to try complainant, and in effect is a command to do what they have already done, and not undo their actions. In re Fanning, 40 Minn., 4; Kaehler v. Halpin, 59 Wis., 40.

2. The proceeding from a remedial standpoint rests upon the idea that the complainant has some right which has been violated. Since the court decides that his attempt to enjoin respondents from trying him was wrongful, he therefore has no right which has been violated by the trial. Kaehler v. Halpin, 59 Wis., 40.

From the standpoint of a charge of criminal contempt respondents should not be convicted or punished, because:

(1) The order granted by the Hon. W. Poindexter, which they are charged with having violated, expired by virtue of its own terms and limitations at the hearing of the cause by the district court, for the reason that the judge granting same so provided in said order. Rev. Stats., 1895, art. 2993; Fort Worth Street Ry. v. Rosedale Street Ry., 68 Texas, 168; 2 High on Injunc., sec. 1708; 10 Enc. of Pl. and Pr., pp. 878, 1029; Hicks v. Michael, 15 Cal., 107.

(2) The suit being instituted in term time the defendants could not be required to answer until the succeeding term, and the order fixing September 26th for a hearing was merely giving notice before the issuance of a preliminary or temporary injunction. Rev. Stats. 1895, arts. 3005, 3006, 3007.

(3) The injunction proceeding is an effort to employ the machinery of the courts to restrain legislative or political action in a matter over which the courts have no jurisdiction; it being an established principle that courts can not in such manner usurp authority and then punish for disobedience of such usurpation. In re Sawyer, 124 U. S., 200; Walton v. Develing, 61 Ill., 201; Dorst v. People, 62 Ill., 306; In re Ayers, 123 U. S., 443.

(4) The respondents have, by their sworn answers, disavowed any intentional contempt of court on their part, and there is no evidence before the court, direct or indirect, which tends to impeach the truth of their answers in this particular. 7 Am. and Eng. Enc. of Law, 2 ed., 74; In re May, 1 Fed Rep., 737; In re Moore, 63 N. C., 393.

The fact that the aldermen acted under the advice of the city attorney, who under the charter was their constituted adviser, relieves them of the charge of contumacious action, there being no controverting evi-

dence as to their good faith and honest purpose to discharge their official duty as sworn to by them. Sebastian v. Cheney, 86 Texas, 497; 7 Am. and Eng. Enc. of Law, 2 ed., p. 77.

GAINES, CHIEF JUSTICE.—This is a motion to punish the respondents, one of whom is the city attorney, and the others members of the city council of the city of Waco, for contempt in disobeying an injunction, and to command them to rescind their action in removing the plaintiff in the motion from the office of mayor of that city. The nature of the proceeding will more fully appear by a brief statement of the facts as shown by the motion and the record in the principal case.

Riggins was mayor of the city of Waco, having in April, 1902, been elected to that office for the term of two years. With the view of removing him from office, on the 11th day of September, 1902, certain of the respondents filed charges against him before the city council, accompanied by a resolution for his removal from office, and caused him to be cited to appear and answer the charges. On the 16th day of the same month he presented to the Hon. William Poindexter, Judge of the Eighteenth Judicial District of the State, a petition praying an injunction restraining the city council from proceeding with the trial upon the charges as presented. Thereupon Judge Poindexter indorsed his fiat upon the petition, as follows: "In Chambers, Meridian, Texas, September 16, 1902.—It having been represented to me that Judge Scott, of the Fifty-fourth District court is absent from the State, that in the opinion of counsel for plaintiff, under the peculiar circumstances of this case, Judge Surratt, of the Nineteenth District court, is disqualified from sitting in this case, I take jurisdiction, and hereby direct the clerk of the Fifty-fourth District court to file this petition, and cite the defendants to appear before Judge Scott, Judge of the Fifty-fourth District court, at the courthouse in Waco, on Friday, the twenty-sixth (26th) day of September, then and there to show cause why permanent injunction should not issue, and to issue restraining order to defendants as herein prayed pending such hearing. Petitioner to enter into bond as conditioned by law in the sum of five hundred dollars ($500)."

The petition was on the 18th of September filed in McLennan County, in the Fifty-fourth District court, of which Judge Scott was the duly elected and qualified judge. Bond having been given, the clerk in pursuance of the fiat issued the writ of injunction, which was by the sheriff immediately served. Thereupon, on the same day, a motion was filed in that court for a dissolution of the restraining order for want of equity in the bill, and the motion having been heard, the order was dissolved. The plaintiff having declined to amend, the petition was dismissed. Thereupon the plaintiff appealed to the Court of Civil Appeals. While the appeal was pending, and during the vacation of that court, a motion was presented to two of the justices of that court representing that the appellees were about to violate the injunction

which had been ordered to be issued by the judge of the Eighteenth Judicial District, and praying. that they be enjoined from so doing. After a hearing the motion was granted and a restraining order was issued commanding the respondents to refrain from further disobedience "of the order granting the temporary injunction and from interference with the jurisdiction of this court [meaning the Court of Civil Appeals] during the pendency of this cause." On the 29th day of October the Court of Civil Appeals decided the cause and affirmed the judgment of the trial court. A motion for a rehearing was seasonably filed and was overruled on December 3d. On the next day the appellant Riggins filed in this court his application for a writ of error to the Court of Civil Appeals. On the same day, but at a later hour, the city council proceeded with the trial of the charges against the mayor, and after hearing the evidence passed a resolution removing him from office.

Proceeding upon the theory that the restraining order of Judge Poindexter was a continuing one, and that the order of dissolution was suspended by the appeal, and also that the injunction issued by the judges of the Court of Civil Appeals continued in force until the application for the writ of error had been disposed of in this court, this motion was filed. The questions therefore are:

1. Was the order of Judge Poindexter a continuing order, which was kept in force by the appeal, or was it merely a temporary provision, which was to have effect only until the day named therein for a hearing, or until it could be heard in the District Court of the Fifty-fourth District?

2. Did the injunction of the Court of Civil Appeals have any effect after the final disposition of the case by that court? and

3. Did the jurisdiction of the Supreme Court attach upon the filing of the application for the writ of error, so that in the event either injunction had not expired, it became the duty of this court to enforce it?

We understand that under the practice of the American courts three species of injunctions may be issued: 1. A restraining order, which is defined to be: "A restraining order is an interlocutory order made by a court of equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion" (Bouvier's Law Dict., 2 ed). 2. One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing; and, 3. A perpetual injunction which can be properly ordered only upon the final decree.

Our practice is regulated by the following provisions of our Revised Statutes:

"Art. 2993. If, upon the inspection of such petition, it shall appear to the judge from the facts stated therein that the applicant is entitled to the writ, he shall indorse on such petition or annex thereto his written order directing the clerk of the proper court to issue the writ of

injunction prayed for, upon such terms and under such modifications, limitations and restrictions as may be specified in said order," etc.

"Art. 2994.  Upon application for any writ of injunction, if it appear to the judge that delay will not prove injurious to either party and that justice may be subserved thereby, he may cause notice of such application to be served upon the opposite party, his agent or attorney, in such manner as he may direct, and fix a time and place for the hearing of such application."

It is obvious that under these articles the judge is authorized to place upon a preliminary injunction such limitations as to the time of its operation as he may see proper.

The order issued in the case of the Fort Worth Street Railway Co. v. the Rosedale Street Railway Co., 68 Texas, 163, was of the first class.  In that case the order distinctly declared, that it was to operate only until the hearing: and the injunction having been dissolved upon the final trial, it was held, that an appeal upon a supersedeas bond did not continue it in force.

In the case of the Gulf, C. & S. F. Railway Co. v. the Fort Worth & N. O. Railway Co., 68 Texas, 98, the order of the judge expressly restrained the defendants from doing the acts complained of until the final determination of the suit.  Since the suit was not terminated until the appeal had been heard and determined, it was held, that although upon the trial in the district court the injunction had been dissolved, an appeal, which superseded the judgment, kept the injunction in force until the appeal was determined, and that the Supreme Court, to which the case under the then existing law was directly appealable and to which it had been appealed, had the power to enforce it.

The question then presents itself, under which of the rules respectively announced in the cases cited does the injunction under consideration fall?  This is to be determined by the language of the judge's fiat. It is apparent from that language that the judge of the Eighteenth Judicial District considered, that since he was granting an injunction in a case which was triable and which was to be brought in another district, he was performing a very delicate duty, and that he proposed to go no further than was necessary to protect the rights of the plaintiff in the suit.  Consequently he directed the clerk of the District Court of the Fifty-fourth Judicial District to file the petition, and to cite the defendants to appear before the judge of that court on the 26th day of September, 1902, to show cause why a permanent injunction should not be granted, and at the same time to issue "a restraining order to defendants pending such hearing."  That the hearing meant was the hearing of the prayer of the petition to grant an injunction to remain in force during the pendency of the suit is apparent from the fact shown by the record in the principal case, that the District Court for the Fifty-fourth Judicial District was in session two days after the fiat was indorsed upon the petition.  That statute provides that the fall term of that court should begin on the third Monday in September.  It

could not have begun earlier than the 16th. The defendants were not under the law required to answer at that time the petition upon its merits, unless served ten clear days before the beginning of the term. They could not have been called upon to answer the case and go to trial at that term. It is obvious, therefore, that the judge did not attempt to fix a time in which they were required to answer as to the whole case, but merely to name a date at which they should appear and show cause why an injunction, which was to operate until the final termination of the suit, should not be granted. Nor do we think the language of the fiat reasonably admits of a different construction. The clerk was required to issue a restraining order "pending such hearing." We think this means the same as if the words had been "until and pending such hearing," and that the intention was to limit the operation of the order until such time as the parties could be heard upon the issue, whether under the allegations in the petition and answer, should one be filed, an injunction, to remain in force until the final disposition of the case, should be granted. This construction is also indicated by the words employed in the fiat. It is true that a "restraining order" is an injunction; but the terms are commonly used to designate a temporary injunction, as distinguished from an injunction which is to remain in force during the pendency of the suit. The learned judge in effect directs that a restraining order shall be granted until it is determined whether a permanent injunction shall issue—which means an injunction to remain in force until the final determination of the suit and not an injunction granted upon the final trial, which is called a "perpetual injunction."

We therefore conclude that the injunction in this case was intended to operate for a fixed period only and that it comes within the principle acted upon in the case of Fort Worth Street Railway Company v. Rosedale Street Railway Company, above cited.

As to the injunction issued by the judges of the Court of Civil Appeals, we need only say, that they were without power to issue an injunction except to protect the jurisdiction of that court, and that the injunction granted by them is expressly limited in its operation until the determination of the case in that court.

Since in our opinion both the restraining order of Judge Poindexter and the injunction issued by the judges of the Court of Civil Appeals had expired by their own limitations when the writ of error was filed in this case, there was no injunction in existence when the respondents proceeded to try the charges against Riggins, the plaintiff in this motion, and therefore the motion should be overruled.

This renders it unnecessary for us to decide whether by the filing of the application for the writ of error we acquired such jurisdiction over the case as to give us power and make it our duty to enforce obedience of the injunction, had one been in force.

Accompanying the motion to punish the respondents for contempt is also a motion to compel them to rescind their action in removing the

plaintiff from office, and to restrain them from further action in the matter until the determination of the cause in this court. Although a motion for rehearing of the application for the writ of error is still pending in this court, it is obvious from what has already been said that this court can neither command the respondents to rescind their action nor to desist from further action in the premises.

The motion is overruled, and the rule against respondents is discharged.