### BEIRNE v. NORTH TEXAS GAS CO.
### (No. 1661.)

(Court of Civil Appeals of Texas. Amarillo. April 28, 1920.)

**1. Injunction ⬤⇒150—Fiat, setting date for hearing as to issuance of injunction to operate until final hearing, expires on date set.**

In suit for injunction where the judge granted a temporary writ and indorsed his fiat on the petition setting certain date for the hearing as to whether a writ should be issued to operate until final hearing and directing the clerk to issue notice to the defendant, the injunction granted on such fiat expired on the date set for the hearing, so that the case thereafter stood as if the court had not ordered the writ.

**2. Injunction ⬤⇒135 — Issuance of temporary injunction discretionary with court.**

The issuance of a temporary injunction pending final hearing is in the sound discretion of the trial court.

**3. Appeal and error ⬤⇒954(1) — Granting or refusing of temporary injunction not disturbed unless discretion is abused.**

Action of trial court in granting or refusing an injunction to operate until final hearing, unless dissolved by an interlocutory order, will not be disturbed on appeal unless the court abused its discretion.

**4. Injunction ⬤⇒59(1)—Refusal to enjoin lessee from removing fixtures which he agreed to sell to lessor held not abuse of discretion.**

Where lease gave lessee the right to remove fixtures placed in the building by lessee, court's refusal to enjoin lessee from removing such fixtures on ground that he had agreed to sell fixtures to lessor, leaving lessor to his action at law for damages, *held* not an abuse of discretion, where lessee was solvent and where there was no showing that fixtures could not be removed without injuring the building.

**5. Arbitration and award ⬤⇒35—Refusal or neglect of any one arbitrator renders award invalid.**

Where the parties agree upon the number of arbitrators, they are entitled to the judgment of each, and the neglect or refusal of any one to act will render an award made by others invalid.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by R. D. Beirne against the North Texas Gas Company. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

J. H. Randell, of Denison, for appellant.

J. S. Kone, of Denison, and H. H. Cummins, of Sherman, for appellee.

HUFF, C. J. The plaintiff, Beirne, sued the defendant, North Texas Gas Company, praying for an injunction restraining the defendant from tearing out certain fixtures in a building. It is alleged that plaintiff owned the building and that he rented it to defendant and that it placed in the building certain fixtures; that the defendant proposed to sell the same to plaintiff, and the price and value of the fixtures were to be fixed by arbitrators, who fixed the price at $100; that the defendant refused to accept the $100 and was threatening to remove and was about to remove the fixtures from the building, to the irreparable injury of the plaintiff, and unless restrained defendant would remove the same to the great damage of the building; that plaintiff had offered the sum awarded by the arbitrators to the plaintiff, which it had rejected, and was still ready to pay the same. The defendant answered that it was occupying the premises under a written lease which provided that it should have the right to remove all fixtures which it had installed, reimbursing the plaintiff for any damage to the building caused by such removal, and that it placed the fixtures in the building; that the plaintiff proposed to buy the fixtures from defendant, and defendant agreed to arbitrate the value of the fixtures, alleging that the arbitration was not conducted as agreed upon; that the sum fixed by the arbitrators in their award was not fair, and for the above reason refused to abide by the award. The contract of lease with reference to the fixtures is substantially as stated by the defendant in its answer. It seems from the evidence that there was some negotiation between the parties as to a sale of the fixtures to the plaintiff by the defendant. They could not agree upon the value, and the general manager, located at Dallas, wrote the company's local agent at Denison, with reference to the price and the manner of fixing the price, as follows:

"Would state in this matter that we should be glad to have Mr. Beirne appoint one appraiser. We appoint Charlie Hopkins and Mr. Hopkins and Mr. Beirne's appraiser appoint one man; these three make estimates on these fixtures and we will abide by any decision the three may make as to settlement."

It seems plaintiff appointed a Mr. Jones, and he with Mr. Hopkins appraised the property at $100 value. They did not select a third man, and neither party appears to have gone before them with evidence, and that the arbitrators in fact heard no evidence as to the value of the property.

[1-3] It is urged by appellant the court

---

erred in dissolving the injunction because the verified pleadings and evidence show that injunction was the proper remedy. It seems to be appellant's contention and the appellee did not deny the fact alleged in the petition, as asserted by the appellant, that as a matter of law he was entitled to the continuation of the temporary injunction. The judge granting the temporary writ indorsed his fiat on the petition, setting the case for September 1, 1919, directing the clerk to issue notice to the defendant. The defendant filed its answer on the day set, and on the 5th the court heard evidence entering an order dissolving the injunction, from which this appeal is taken. We think the injunction issued on the fiat of the judge was "temporary" within the definition of that term, as given by the Supreme Court; that is, the injunction expired upon the date set for hearing. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14. So it would appear the case stood as if the court had not ordered the writ. The hearing was to determine whether a writ should be issued to operate until final hearing unless dissolved by an interlocutory order. The court heard the pleadings and evidence to determine if there was a necessity for such writ and whether without it there would be such irreparable injury as would require the relief asked for. In such proceedings we understand it is in the sound discretion of the trial court whether he will grant the relief, and, unless there is abuse shown, the action of the trial court should not be disturbed. Wells-Fargo v. Guilheim, 169 S. W. 1053; Southern Oil & Gas Co. v. Mexia Oil & Gas Co., 186 S. W. 446; Lone Star, etc., v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180. In this case the evidence establishes that the defendant was rightfully in possession of the property and had placed therein certain fixtures with the right to remove them. It was not, therefore, a trespasser or a threatened trespasser; but it was there lawfully. It would not follow necessarily that in removing the fixtures waste or irreparable injury would be done to the building. Just how the fixtures were attached to the building is not shown, or whether they could be removed without necessarily injuring the building. About the strongest inference from the evidence on this point is that it is possible to injure the building in removing the fixtures. The trial court, we think, was authorized to find there was no reasonable ground for apprehension of injury by making the removal.

[4, 5] The arbitrators did not undertake, by the award, to effect a trade. They only sought to fix the price. It does not appear that there was in fact a sale of the fixtures, such as to fix the title in the appellant and make the fixtures part of the building. At most, all that is shown is a breach of contract to sell. But if it was a failure to deliver, it is not shown to be such irreparable injury as requires the interposition of equity. We do not think the court improperly exercised its discretion in leaving the parties to their action at law for such damages as might have accrued. The appellee is shown to be solvent. Bennett Lumber Co. v. Fall, 157 S. W. 209. It would seem that appellee agreed to accept the judgment of three men as appraisers of the property. This it did not obtain. The evidence, we think, is sufficient to support the court in finding that there was no agreement as to the price of the fixtures by means of the arbitration agreed upon. Where the parties agree upon the number of arbitrators, they are entitled to the judgment of each, and neglect or refusal of any one to act will render an award made by others invalid. American & English Encyclopedia of Law, vol. 2, p. 641 et seq.; C. J., vol. 5, "Arbitration & Award," §§ 137, 204; Security Insurance Co. v. Kelly, 196 S. W. 874. The trial court had evidence which would authorize the finding that appellee did not waive the right to the judgment of three appraisers. The general manager of the company fixed in his letter the number of the appraisers. We find nothing in the evidence showing that the local agent at Denison had power to bind the company by any less number or to waive any matter submitted to arbitration.

The judgment will be affirmed.