## GENITEMPO v. ANDERSON et al. (No. 6870.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1922.)

**1. Appeal and error ⚖➝456 — Closing of passageway not permitted pending appeal, when its effect is destruction of subject-matter of suit.**

In a suit to enjoin the denial of the use of an alleged easement over a city lot, where it appeared that the right to use it was the only thing or right involved in the suit, the closing thereof by defendants against plaintiff's use had the effect of destroying the subject-matter

of the suit, and will not be permitted pending an appeal.

**2. Appeal and error ⬧447—Duty to suspend dissolution of injunction until appeal finally disposed of.**

Where a temporary injunction was issued restraining the denial of the use of an easement pending the perfecting of an appeal, the court had authority, and it was his duty, to suspend the enforcement of an order dissolving the injunction until the appeal could be heard and finally disposed of, under the express provisions of Rev. St. 1911, art. 4644, amended by Acts 36th Leg. (1919), c. 17, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 4644).

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Gus Genitempo against William Anderson and others to restrain defendants from denying plaintiff the use of an alleged easement of a city lot. Temporary writ of injunction issued, but on motion of defendants was by trial court in vacation dissolved, and plaintiff appeals and moves for temporary injunction. Motion granted.

J. D. Todd, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellees.

SMITH, J. On motion for writ of injunction. In this cause appellant has filed an application for the issuance by this court of an order continuing in force a temporary injunction issued, and subsequently dissolved, in the court below.

It appears from the motion that, upon application of appellant, the judge of the court below in vacation granted a temporary writ of injunction, restraining appellees from closing or obstructing a certain passageway, or denying to appellant the use of an alleged easement, over lot 8, block 24, of the beach addition to the city of Corpus Christi. Subsequently, upon motion of appellees, the trial judge, in vacation, dissolved the temporary injunction, but ordered that the same be continued in force during the period of appellant's right to perfect appeal. In the motion here it is made to appear that since the expiration of that period appellees have proceeded to close the passageway in dispute, and deprive appellant of the use thereof, and the latter seeks here to revive the injunction and continue it in force pending final disposition of this appeal.

[1] Since it appears that appellant's alleged right to the use of the passageway in question is the only thing or right involved in this suit, the closing thereof against appellant's use will have the effect of destroying the subject-matter of the suit, which will not be permitted. Railway v. Hornberger (Tex. Civ. App.) 141 S. W. 311; Id., 106 Tex. 104, 157 S. W. 744.

The motion will be granted, and appellees will be required to restore to appellant the use of said right of way, and not to obstruct such use, so that the status quo of the parties and subject-matter of the suit will not be disturbed, and the jurisdiction of this court preserved, pending final disposition of the appeal.

[2] We deem it proper to say here that, inasmuch as the court below was so impressed with the rights of appellant as to continue the injunction in force pending the perfecting of the appeal, he had the authority, and we think it was his duty in aid of orderly procedure, to suspend the enforcement of the order dissolving the injunction until the appeal could be heard and finally disposed of. This power is expressly lodged with the trial court by statute (Rev. St. 1911, art. 4644, as amended by Act of 1919, 36th Leg. c. 17, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 4644]), and its exercise, in such cases as this, will relieve litigants of the time and trouble of presenting such motions as the one before us, and this court of the necessity of hearing and disposing of such motions, and at the same time may save valuable rights from impairment or destruction.

Motion granted.