### GENITEMPO v. ANDERSON et al.
#### (No. 6870.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922. Rehearing Denied Jan. 17, 1923.

Injunction ⬥163(3)—Under rule of comparative injury, temporary injunction to be continued till final disposition of case.

Temporary injunction against the closing of a passageway, used by plaintiff and claimed by prescription, should be continued till final disposition of the case on the merits, dependent on facts entitling the parties to a jury trial, where plaintiff would be a greater sufferer from the closing than defendant from keeping it open.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Gus Genitempo against William Anderson and others. From an order dissolving a temporary injunction, plaintiff appeals. Reversed and remanded.

Jefferson D. Todd, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellees.

COBBS, J. This is an appeal prosecuted by appellant against appellees from an order of the trial court dissolving a temporary injunction theretofore granted in the case; the court having embraced at the foot of the decree dissolving the injunction the following additional order:

"It is further ordered that the temporary writ of injunction heretofore granted herein be and the same is hereby continued in full force and effect for the period during which plaintiff has the right to perfect his appeal."

After the expiration of that period, appellees proceeded to close the passageway in dispute, whereupon appellees, having appealed to this court, sought by motion to revive the said injunction originally granted and to continue it in force pending the final disposition of the appeal, and to reverse the order of the court that dissolved said temporary injunction.

After considering said motion, this court granted the order restoring to appellant the use and enjoyment of said right of way, and to continue the status in quo of the subject-matter and the parties. Genitempo v. Anderson, 245 S. W. 270.

A very careful consideration of this record convinces us that there are facts and issues to be determined only upon a hearing upon the merits and depend upon facts that entitle the parties to a trial by a jury. To discuss the case in its present phase might, in a way, prejudge it, which we do not feel justified in doing.

The trial judge who granted the temporary writ, in the first instance, was evidently so impressed that he continued the order in force, after dissolving it, until it could reach this court, thereby shifting the responsibility.

The passageway had been in use a long time and was indeed a necessity to appellant, and a use was alleged to have been acquired by the lapse of time, an open and notorious use, and such facts pleaded to raise an estoppel. The case really presents one of the two who will be the greater sufferer and sustain the greater injury, damage, or loss, and for the time being if appellant should be required to cease the use of this traveled way, it would tend to greatly hamper and damage his business, and make him the greater sufferer. High on Injc. vol. 2, § 1508; 1 Joyce on Inj. § 20; Friedlander v. Ehrenworth, 58 Tex. 350; Matagorda Canal Co. v. Markham, Inc. (Tex. Civ. App.) 154 S. W. 1176.

It is the opinion of this court that the judgment of the trial court of July 31, 1922, dissolving the temporary injunction, be set aside, reversed, and remanded, and that the

temporary injunction granted the 22d day of May, 1922, be reinstated and continued in full force and effect until the final disposition of this case.

Reversed and remanded.