**SHELTON et al. v. CITY OF ABILENE et al.**
No. 1435.

Court of Civil Appeals of Texas. Eastland.
Oct. 26, 1934.

·Davidson, Doss & McMahon, of Abilene, for appellants.

Wiley L. Caffey and Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, and T. S. Christopher, of Austin, for appellees.

HICKMAN, Chief Justice.

In this cause appellants have presented four motions with which this opinion deals, as follows:

(1) For writ of certiorari to perfect the record.

(2) For writ of mandamus to compel the Honorable M. S. Long, district judge, to fix the amount of a supersedeas bond.

(3) For this court to fix the amount of a supersedeas bond.

(4) For an injunction to be issued out of this court to preserve the subject-matter in status quo pending the appeal.

On October 6, 1934, S. M. Shelton and forty other residents of the city of Abilene presented to the Honorable M. S. Long, district judge, in chambers, their petition for injunction against the city of Abilene, Texas & Pacific Railway Company, Hon. W. R. Ely, Hon. John Wood, and Hon. D. K. Martin, members of the state highway commission of Texas, and Gibb Gilchrist, highway engineer. The purpose of the suit was to restrain the building and construction of an underpass for vehicular and pedestrian traffic diagonally across certain property owned by the railway company in the city of Abilene, which property, on the original map or plat of the town of Abilene, was reserved for railway purposes. The theory of the plaintiffs was that, as remote grantees of the railway company, they had certain vested rights and overriding servitudes in this strip of property marked on

the original map "reserved for railway purposes" which would be invaded and trespassed upon by the construction of the underpass; that to construct such underpass would be dedicating this strip of land to some other purpose than for railway purposes. The petition prayed that a fiat be indorsed thereon directing the issuance of a temporary writ of injunction, which fiat should require the clerk of the court to issue notice to the defendants to appear on a day certain to show cause, if any, why said temporary injunction should not be made permanent. Further prayer was that upon final hearing the court make and enter its judgment granting to the petitioners a permanent injunction in accordance with the allegations of their petition. Because of the questions presented with regard to the nature of the writ directed to be issued by the judge's fiat, it is deemed advisable to set out that fiat in full. It is as follows:

"The foregoing petition having been presented to me in chambers, it is on this 6th day of October, 1934, ordered that the temporary injunction therein prayed for be and the same is hereby in all things granted upon said plaintiffs giving bond herein, conditioned as required by law, in the penal sum of $1000.00, and that the clerk of this court is hereby directed to issue notice to said defendants and each of them to be and appear before me at my office at the courthouse in Abilene, Taylor County, Texas, on the 10th day of October, 1934, at 9 o'clock A. M., then and there to show cause, if any, why said injunction as prayed for should not be made permanent; the clerk of this court shall, at the time of issuing said notice, also issue temporary writs of injunction to said defendants and each of them, commanding and restraining said defendants and each of them directly and indirectly, their agents, executives, officers, servants and employees, from doing each and all of the things enumerated in the foregoing petition. This temporary restraining order shall cease on Wednesday October 10th, 1934, unless extended by order of this court.

"M. S. Long, Judge."

On October 10th, each of the defendants appeared and answered, and, instead of a hearing before the judge on the question of whether a temporary writ of injunction should issue pendente lite, the case was tried by agreement by the court on its merits. After hearing the evidence, the court took the case under advisement until October 13th, at the same time continuing the temporary writ of injunction or restraining order until that day.

On the morning of October 13th, the court rendered judgment that the plaintiffs take nothing, and that the defendants go hence without day. The judgment recited that the temporary injunction or restraining order expired upon the hearing of the case and the decision of the court. The plaintiffs sought an order continuing the injunction in force pending the appeal, which was denied. They then moved the court to fix the amount of a supersedeas bond, which the court refused to do. They thereupon had a transcript prepared and forthwith filed in this court, and at the same time filed the motions above named. In order to decide the questions presented by these various motions, it becomes necessary to determine the nature of the writ directed to be issued by the judge's fiat.

If the fiat directed the issuance of a mere restraining order, as that term is hereinafter defined, it would not be continued in force by an appeal on a supersedeas bond. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, 15; Fort Worth Street Ry. Co. v. Rosedale Street Ry. Co., 68 Tex. 163, 7 S. W. 381. If, on the other hand, the order was a temporary injunction, as that term is hereinafter defined, which was dissolved by the judgment appealed from, it would be kept in force by a supersedeas bond. Authorities supra and Williams v. Pouns, 48 Tex. 141.

In the case of Riggins v. Thompson, supra, Chief Justice Gaines defines the three species of injunctions which may be issued under the practice of American courts, as follows: "(1) A restraining order, which is defined to be: 'A restraining order is an interlocutory order made by a court of equity upon an application for an injunction, and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion.' Bouv. Law Dict. (2d Ed.). (2) One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing. And (3) a perpetual injunction, which can be properly ordered only upon the final decree."

The fiat above copied so obviously ordered the issuance of a mere restraining order under the authorities that a discussion of that question would be useless. Riggins v. Thompson, supra; Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Fort Worth Street Ry. Co. v. Rosedale Street Ry. Co., supra; Beirne v. North Texas Gas Co. (Tex. Civ. App.) 221 S. W. 301; Garitty v. Halbert (Tex. Civ. App.) 225 S. W. 196; City of Jacksonville v. Devereux (Tex. Civ. App.) 286 S. W. 572; Yellow Cab & Baggage Co. v.

**936**

City of Amarillo (Tex. Civ. App.) 20 S.W.(2d) 855.

 The appellants recognize the foregoing conclusions to be the established law of this state, but they seek to make them inapplicable in this case by filing herein a motion for certiorari to perfect the record. It is alleged in this motion that the original fiat signed by the trial judge did not contain the last sentence now appearing therein and reading as follows: "This temporary restraining order shall cease on Wednesday October 10, 1934, unless extended by order of this court." They file here an affidavit by one of their attorneys to the effect that the original fiat, prepared by the attorneys and executed by the judge, did not contain this sentence, and file a certificate by the district clerk to the effect that this sentence was written into the fiat by the judge after it was filed with the clerk. In short, the purpose of their motion for writ of certiorari is to impeach the judge's fiat, or to bring to this court facts authorizing us to strike this last sentence therefrom. A record cannot be impeached in this court in this manner. The office of a writ of certiorari is to correct the record filed in the appellate court when it is defective because the clerk below has failed to send up correct copies of the papers on file in his office. Royal Ins. Co. v. T. & G. Ry. Co., 53 Tex. Civ. App. 154, 115 S. W. 117, 123; Galveston, H. & S. A. Ry. Co. v. Perkins (Tex. Civ. App.) 73 S. W. 1067; 4 C. J. 509. An appellate court has no jurisdiction to alter the records of the trial court, but, if a litigant desires them corrected, he must go to the trial court for relief, and then bring the corrected record here by writ of certiorari. Johnston v. Arrendale (Tex. Civ. App.) 71 S. W. 44; Eustis v. Frey (Tex. Civ. App.) 204 S. W. 117; Eaton v. Klein (Tex. Civ. App.) 141 S. W. 828; 4 C. J. 509. The motion for certiorari must be overruled.

We are further of the opinion that, even if appellants should go into the court below and prepare a record showing the facts with reference to the interlineation of the judge's fiat to be as alleged by them, and should then bring that record here, it would be a useless procedure, for, as we interpret the fiat, it ordered the issuance of a mere restraining order, even though the last sentence thereof should be disregarded.

The clerk was not directed to issue notice to the defendants to appear before the court at the next term thereof, but was directed to notify them to appear before the judge at his office four days after the date of the fiat. The judge had no power to compel the defendants to answer on the merits at that time, and the fact that they were notified to appear, not before the court, but before the judge at his office, demonstrates that the hearing therein ordered was intended only to afford the defendants an opportunity to show cause why an injunction pendente lite should not issue. The cases of Ex parte Zuccaro, supra, and Riggins v. Thompson, supra, are conclusive on this question.

 It is not material that the fiat designated the writ as a temporary injunction, for, as said in 32 C. J. p. 28: "Whether an order is a restraining order or a temporary injunction must be determined from its form and substance. The restraint which the order purports to impose, and not the name given to it, determines its true name and character." The terms "temporary injunction" and "restraining order" seem to be used interchangeably by many authorities. In fact, the appellants in this case in three of their motions under consideration state that the nature of the cause was a petition for a temporary restraining order, and that when the petition was filed with the district judge he issued a temporary restraining order therein. The only motion before us which designates this writ as a temporary writ of injunction is the motion for certiorari, by which it is sought so to change the record as to disclose that the writ was not a restraining order as alleged in the other motions. Since a supersedeas bond, if given, would not have the effect of keeping the restraining order in force pending the appeal, it follows that the application for mandamus to compel the district judge to fix the amount thereof should be denied.

By what has been written above we are not to be understood to hold that the trial judge was unauthorized to interline his fiat after executing it. That question is not presented to us for decision, and no opinion is expressed with regard thereto.

 The motion that this court fix the amount of the supersedeas bond must be denied for the same reason as that above expressed, and for the further reason that it is not within our jurisdiction to do so even in a case in which an appellant is entitled to a supersedeas. The trial court alone has the power to fix the amount of a supersedeas bond in a case where the appeal is not from a money judgment. Ferguson v. Ferguson (Tex. Civ. App.) 69 S.W.(2d) 592.

 The application for an injunction to issue from this court restraining the defendants from doing any of the acts complained of

pending the appeal cannot be granted. Courts of Civil Appeals, having no original jurisdiction may not issue injunctions unless necessary to enforce their appellate jurisdiction. R. S. 1925, art. 1823. Such courts are not empowered to issue injunctions to prevent damages to the parties pending the appeal. In this case there is no question pending here for decision to which the injunction is ancillary. The only relief sought below was an injunction. The trial court, after hearing all of the evidence, has found that the appellants are not entitled to that relief. If this court should grant such a writ before reviewing the action of the trial court, it would amount to a determination in advance of a hearing, and in an original proceeding, that there was error in the judgment of the trial court, and would, in practical effect, grant to appellants the very relief denied them below. The question of the correctness of the trial court's judgment can be determined by us only in the exercise of our appellate jurisdiction. City of Laredo v. Martin, 52 Tex. 548; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326.

Each of the four motions is overruled.