### BEARD v. SMITH et al.

### RAYBURN v. SAME.

Nos. 8369, 8372.

Court of Civil Appeals of Texas. Austin.

July 24, 1935.

Rehearing Denied July 27, 1935.

James J. Shaw and Binz J. Settegast, both of Houston, and Everett L. Looney, of Austin, for relator Beard.

J. W. Wheeler and Everett L. Looney, both of Austin, for relator Rayburn.

Wm. McCraw, Atty. Gen., and Geo. P. Kirkpatrick, Asst. Atty. Gen., for respondents.

BLAIR, Justice.

In each of the above-styled cases the appellant has applied for a temporary restraining order or injunction to restrain the commission from interfering with his operations as a contract motor carrier pending the disposition of this appeal. Prior to the enactment of House Bill 335, Acts 42d Legislature, c. 277 (Vernon's Ann. Civ. St. art. 911b, §§ 1–15a, 17–19, 22b, 22c), each appellant was operating as a class B motor carrier, and under section 6, subd. (c) (Vernon's Ann. Civ. St. art. 611b, § 6 (c), of the Act, each applied to the commission for a permit to continue operations as a contract carrier. The commission denied the permits, and each appellant appealed from the order as provided by section 20 of the Act (Acts 1929, c. 314, Vernon's Ann. Civ. St. art. 911b, § 20) seeking to set aside the order denying the permit and to perpetually enjoin the commission from interfering with such motor carrier operations.

Pending the hearing in the trial court, the following order was entered in the Beard Case:

"Now on this the 12th day of March, A. D. 1934, it is ordered, adjudged and decreed by the court that the restraining order entered herein and continued from time to time up until this date be and the same is continued in force in all respects until April 12, 1934, and beyond said date if this cause is not tried before then, until this cause shall have been finally heard and disposed of.

"Entered and ordered of record this 12th day of March, A. D. 1934."

"On January 2, 1935, it is ordered, adjudged and decreed by the court that the temporary restraining order heretofore granted in this cause be and the same is continued in full force and effect until this case is heard on its merits."

In the Rayburn Case the following order was entered: "This temporary restraining order shall be immediately effective upon the plaintiff giving a good and sufficient bond payable and conditioned as provided by law in the penal sum of $2500.00, to be approved by the court; and the said bond having been presented to the court and having been by the court approved, it is adjudged that this condition has been met and said temporary restraining order is in force and effect and shall remain in force and effect until the 22nd day of April, A. D. 1935, at which time the court will hear this cause on its merits and until the hearing of such cause on its merits has been concluded and final judgment entered herein by the court."

A trial was had on the merits, and each appellant was denied any relief, and the final judgment recited that all previous temporary restraining orders issued in each case were dissolved. After final judgment a temporary restraining order was issued in each case for a 30-day period. This was done to give the appellant in each case that time in which to perfect an appeal to this court. After the 30 days had elapsed each appellant requested the trial judge to fix the amount of a supersedeas bond, which he refused to do upon the ground that the former restraining orders were mere temporary restraining orders as distinguished from temporary injunctions. A petition for mandamus to compel the trial judge to approve such bonds was then filed in this court. Pending a hearing on the petition the trial judge approved the bonds, with the agreed stipulations between himself and the attorneys for appellants that throughout all the proceedings they treated and considered all interlocutory orders as temporary restraining orders as distinguished from temporary injunctions.

It is now contended by appellants that, properly construed, the various fiats of the trial judge granting interlocutory injunctive relief were temporary injunctions as distinguished from mere temporary restraining orders; and that appellants have the right to supersede the final judgments refusing perpetual injunctions; and that the temporary injunctions in force when the final judgments dissolving them were entered remain in full force and effect under the supersedeas bonds. If the orders were temporary injunctions, appellants are entitled to supersede the final judgments dissolving them, under the rule announced in Williams v. Pouns, 48 Tex. 141; G., C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564; Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Tex. 163, 7 S. W. 381, and Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S. W. 778, to the effect that appellants have the right to supersede the final judgments refusing perpetual injunctions, and that the temporary injunctions in force and dissolved by the final judgments remain in force under the supersedeas bonds. But, when viewed in the light of what was done in the progress of the case in the trial court, it is clear that the fiat in each instance provided for a temporary restraining order to be in force and effect only until each case was heard on its merits. True, the order in the Beard Case, dated March 12, 1934, provided that it should remain in force "until this cause shall have been finally heard and disposed of"; but that order was modified on motion of appellant on January 2, 1935, to continue "in force and effect until this case is heard on its merits."

In the Rayburn Case the fiat provided that the restraining order would remain "in force and effect until the hearing of this case on its merits, and until the hearing of such case on its merits has been concluded and final judgment entered by the court." The quoted language in each case clearly evidences the intention of the trial judge to continue the restraining orders in effect only until he could hear the case on its merits and enter final judgment in the trial court. The language cannot be construed to mean that the judge intended to continue the restraining order in force until final determination of the case, which, of course, would not be terminated until this appeal is finally disposed of. The acts of appellants and the trial judge during the progress of the case clearly show that such construction was placed upon the various fiats granting the various restraining orders, because after final judgment appellants moved the court to issue other restraining orders. If the orders were temporary injunctions, appellants were entitled to supersede the final judgments dissolving them; hence no necessity for the restraining orders. The cases, therefore, come within the facts and rule announced in the cases of G., C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., supra; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, and Ford v. State (Tex. Civ. App.) 209 S. W. 490.

The agreed stipulations of the trial judge and the attorneys for appellants made in connection with the petition herein for a mandamus to compel the trial judge to approve the supersedeas bonds clearly preclude the appellants from making the claim that the interlocutory orders were temporary injunctions. Counsel for appellants agreed that the trial judge granted only temporary restraining orders, and that they and the trial judge throughout the course of the trial treated each order signed by the judge "as a temporary restraining order." Counsel will not be permitted to contend otherwise, and especially so since they drew the orders under the specific instructions of the trial judge to draw only temporary restraining orders.

We therefore conclude that since the various temporary restraining orders ceased by their own terms upon the rendition of the judgments on the merits, the appeal with supersedeas from such final decree denying the injunction prayed for does not continue the restraining orders in question in force pending these appeals. Riggins v. Thompson, supra; Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Tex. 163, 7 S. W. 381.

The power of the district judge to grant only a 30-day temporary restraining order after final judgment, in which the appeal may be perfected is now moot, because the 30 days have expired. The trial court has the discretionary power to continue in force a dissolved injunction pending appeal; but the statute provides and the cases suggest that the suspension should be until the appeal can be heard and finally disposed of, and not merely for 30 days, or until the appeal is perfected. Genitempo v. Anderson (Tex. Civ. App.) 245 S. W. 270, second appeal, Id. (Tex. Civ. App.) 246 S. W. 742; Art. 4662; 24 Tex. Jur., 299–300, § 242.

The judges of the Court of Civil Appeals are without power to issue an injunc-

tion, except to protect the jurisdiction of that court, and there is nothing in these motions which indicates that the jurisdiction of this court is being infringed upon in any manner; or that it is necessary to issue temporary restraining orders or injunctions pending the appeals. Riggins v. Thompson, supra.

The motions for temporary restraining orders or injunctions are overruled.

### On Motion for Rehearing.

Appellant Beard has filed a motion for rehearing of motion No. 8119, suggesting that his case was not a companion case to the Rayburn Case; that the 30-day restraining order after final judgment was not requested nor granted in his case; and that the agreed stipulation between counsel and the trial court, with respect to considering all interlocutory restraining orders as temporary restraining orders, did not relate to his case. Even so, the fiats of the trial judge clearly show that he intended to issue only temporary restraining orders as distinguished from temporary injunctions. The order of March 12, 1934, continued in force "until April 12, 1934, and beyond said date if this cause is not tried before then, until this cause shall have been finally heard and disposed of." The order of January 2, 1935, interpreted this March order as "the temporary restraining order heretofore granted," and continued it in "force and effect until this case is heard on its merits." Manifestly, this language of the fiats can only be interpreted to mean that the trial court intended to issue temporary restraining orders to be in force and effect only "until this case is heard on its merits."

The motion is overruled.