## YTURRIA TOWN & IMPROVEMENT CO. v. HIDALGO COUNTY et al.

### No. 13215.

Court of Civil Appeals of Texas. San Antonio.

Feb. 25, 1938.

Rehearing Denied March 30, 1938.

Ward & Cameron, of Corpus Christi, for appellant.

Kelley, Looney & Norvell, of Edinburg, R. E. Kirkpatrick, of Mercedes, and A. J. Ross, Jr., of Edinburg, for appellees.

SMITH, Chief Justice.

Yturria Town & Improvement Company brought suit in a district court of Hidalgo county against said county, its county judge, commissioners, and engineer, to restrain them from opening a roadway 1,200 feet in length through the company's pasture in said county, in extension or restoration of the historic "Military Telegraph Highway." The company prayed for a temporary restraining order pending a hearing for temporary injunction, and, upon final hearing, for permanent injunction. The trial judge granted the temporary restraining order, but, upon a final trial by jury on the merits of the controversy, judgment was rendered dissolving the temporary restraining order, denying a permanent injunction or any other relief to the plaintiff, and declaring the strip of land in dispute to be subject to an easement in favor of the county for public road and highway purposes. The Yturria Company gave notice of appeal, filed its appeal bond, and the appeal is now pending in this court, although the record has not yet been brought up.

After rendition of judgment and order overruling its motion for new trial, appellant, on the same day, filed motion in the court below for a temporary injunction restraining appellees from opening the designated roadway through appellant's land until the appeal should be disposed of by this court. This motion was denied.

And now comes the Yturria Company, as relator, and presents its original application in this court for the issuance of an injunction restraining the county and its officials, as respondents, from committing the acts which the court below, by final judgment on the merits of the case, refused to restrain. In its motion relator sets up the same cause of action and prays for the same relief as those set up and prayed for, and denied, in the trial court. Those grounds were, briefly, that the land sought to be subjected to the easement belongs to relator, and is not legally subject to such easement, and, further, that to open the road through relator's pasture would expose relator's cattle, now confined in said pasture, to tick infestation, and subject them to quarantine on that account, and that this would result in great and irreparable injury and damage to relator.

The injunction is sought by relator under the well-established power of appellate courts to issue all writs "necessary to enforce the jurisdiction of said courts." Article 1823, R.S.1925. It is the contention of relator that to permit respondents to open the road would be, in effect, to permit them to destroy the subject matter of the suit, so that the questions before this court would become moot, and any judgment rendered would be "barren and fruitless." We will examine the application in view of that contention.

■ The subject matter involved in the appeal is the strip of land sought to be subjected to a public use, as a roadway. It is undisputed, apparently, that the title to the fee in the land is in relator, and that respondents are seeking to burden it with the public easement, by prescription. There is no threat of removal or destruction of the land, and whether in disposing of the appeal this Court awards its exclusive use to relator, or burdens it with the easement claimed by the county, the judgment so rendered may be enforced without regard to the conduct of the parties in the meantime. The right of the county to an easement over the land was finally adjudicated in the trial court, which dissolved all prior restraint upon the county and its officials, and denied to relator a permanent injunction to impose such restraint. That court also denied relator's motion, after judgment, for an order restraining respondents from proceeding under and by virtue of the final judgment pending this appeal. The validity of that judgment is the question to be settled by this court on the appeal by virtue of its appellate jurisdiction. The result is that if this court now, in the exercise of original jurisdiction, should grant the relief prayed for, it would amount to nothing less than a determination, in an original proceeding, of the merits of an appeal, in advance of a hearing on that appeal. Clearly, such procedure is quite beyond the power of an appellate court since the relief sought is not in aid of jurisdiction, as has been shown, but is, simply, and only, the relief sought and denied below. Shelton v. City of Abilene, Tex.Civ.App., 75 S.W.2d 934; City of Farmersville v. Texas-La. Power Co., Tex.Civ.App., 33 S.W.2d 271.

■ But, relator further contends that if respondents are permitted to open the road, relator's cattle will be subjected to tick infestation and consequent quarantine, whereby relator would be greatly and irreparably damaged, and for that reason this court should grant the injunctive relief prayed for. The contention is without merit, for this court is without original jurisdiction to grant a temporary injunction to prevent damages which a litigant may sustain, pending appeal, under or by virtue of the judgment complained of on such appeal. City of Laredo v. Martin, 52 Tex. 548; Madison v. Martinez, Tex.Civ. App., 42 S.W.2d 84, writ refused, and authorities there cited.

■ Relator filed and urged below a motion that the trial court fix the amount of supersedeas bond which relator offered and asked leave to file there, and relator complains here of that action of the trial court, and requests this court to fix the amount and permit the filing of such bond here. It has been decided that the filing of such bond in an appeal from the refusal of a permanent injunction cannot be given effect to vitalize or revive terminated temporary restraining orders. Beard v. Smith, Tex.Civ.App., 85 S.W.2d 843, and authorities cited.

■ Moreover, the allowance, or fixing of the amounts, of supersedeas bonds, in appeals from other than money judgments, is the prerogative of trial courts. It is not a proper function of an appellate court. Ferguson v. Ferguson, Tex.Civ.App., 69 S.W.2d 592.

The application for injunction is denied.