HERIDER FARM PROCESSING,
INC., Appellant,

v.

CITY OF NACOGDOCHES et
al., Appellees.

No. 1229.

Court of Civil Appeals of Texas,
Tyler.

Oct. 26, 1978.

Rehearing Denied Nov. 22, 1978.

William D. Perkins, Lufkin, David J. Beck, Christopher E. H. Dack, Fulbright & Jaworski, Houston, for appellant.

Thad Floyd, Robert B. Atherton, Stripling & Sutton, Adams & Belanger, Nacogdoches, for appellees.

McKAY, Justice.

This is an appeal from the issuance of a temporary injunction by the trial court enjoining the City of Nacogdoches from terminating water and sewer services to appellant for a period of fifteen days.

Appellant, Herider Farm Processing, Inc., is engaged in the business of processing and selling chickens and chicken parts, and owns and operates a processing plant in the City of Nacogdoches. The City furnishes water and sewage disposal services to appellant as it does to all residences, businesses and industrial plants in the city. Appellant brought a declaratory judgment and injunctive action against the City and its mayor and city commissioners, appellees, to have declared unconstitutional a city ordinance which regulates the discharge of industrial waste into the sewer system, and for an injunction against its enforcement. The ordinance provides for a surcharge for all sewage that causes or creates a biochemical oxygen demand (B.O.D.) in excess of a designated limit, to be determined by calculations made pursuant to certain standards. Appellant alleged that the surcharge for its plant averaged $2,000–$4,000 per month.

Then for the month of June 1978 it received a bill which included a surcharge of $44,-207.91. Appellant did not, and to date has not, paid the June surcharge. The City informed appellant that if the surcharge was not paid, water and sewer services would be discontinued. Appellant filed suit in the District Court of Nacogdoches County and secured a temporary restraining order restraining appellees from terminating water, sewer, and other services to appellant's plant.

On the hearing for a temporary injunction, the court below entered its order, stating in part:

"The Court finds that Plaintiff has a probable right to permanent injunctive relief upon a hearing on the merits of this cause, and that Plaintiff will probably suffer injury to that right if a temporary injunction is not granted because unless enjoined by this Court, Defendants stand in a position to terminate water and sewage-disposal service to Plaintiff, thereby causing its plant to be shut down, resulting in a loss of approximately two hundred jobs and severe disruption of Plaintiff's entire poultry-processing business, all of which constitutes irreparable injury to Plaintiff for which it has no adequate remedy at law. For the above reasons, without prejudice to the rights of either party to a trial on the merits and without establishing who will finally prevail, the Court finds that Plaintiff is entitled to a temporary injunction for a period of fifteen (15) days from the date of hearing."

Appellant then filed its motion for extension of the temporary injunction "until such time as the principal suit herein may be tried to a conclusion . . .," and the district court entered its order overruling said motion. It is from these orders that appellant has perfected this appeal.

Appellant presents a single point of error by which it asserts that the district court abused its discretion by failing to grant the requested injunctive relief which would be effective until a trial can be had on the merits. We agree.

The general rules of law pertaining to injunctions are well established. To be entitled to injunctive relief, an applicant need not establish that he will prevail on the final trial; rather he needs merely to plead a cause of action, show a probable right on final trial to the relief he seeks, and show probable injury in the interim. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). A further requirement is that the applicant must show a probable right on final trial to a permanent injunction. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). Where these elements are presented by the pleadings and evidence, the trial court has broad discretion in determining whether to issue the injunction, and on appeal, the appellate court's review of the action of the trial court is limited to the narrow question of whether such action constituted a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *McGonagill v. Hide-A-Way Lake Club, Inc.,* 566 S.W.2d 371, 374 (Tex.Civ.App.—Tyler 1978, no writ). Every restraining order and order granting an injunction shall set forth the reasons for its issuance and shall be specific in its terms. Rule 683, T.R.C.P.

In the instant case, the trial court found that appellant has a probable right to a permanent injunction; that appellant will probably suffer injury to that right if a temporary injunction is not granted, which injury constitutes irreparable harm to appellant for which it has no adequate remedy at law. The making of such findings, as noted above, is within the sound discretion of the trial court and we are neither asked to find, nor do we find, an abuse of discretion on the part of the district court here in making them. Appellees do not argue here that the trial court's findings were incorrect or unjustified by the evidence adduced at the hearing. Indeed, they assert that the trial court's action should be upheld in all things. They and appellant have divergent views only regarding the length of time for which the district court granted, or should have granted, the injunction.

It is not the office of a temporary injunction to determine the respective rights of the parties under the cause of action asserted or defenses urged. 31 Tex. Jur.2d Injunctions sec. 38 (1962); *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421 (1959); *Dunn v. Patton,* 360 S.W.2d 837, 838 (Tex.Civ. App.—Waco 1962, no writ). The function of a temporary injunction is to maintain the status quo until a final trial of the main suit on the merits can be had. "In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit *pending a final trial of the case on its merits.*" [Emphasis added.] *Transport Co. of Texas v. Robertson Transports, Inc., supra,* 152 Tex. at 552, 261 S.W.2d at 552. In *B & B Vending Co. v. White,* 461 S.W.2d 637, 639 (Tex.Civ.App.—Waco 1970, no writ), the court stated, "The pleadings and evidence show without dispute a probable right of recovery in plaintiff, and a probable injury to it if the application for temporary injunction were denied. As a matter of law under the record plaintiff was entitled to a preservation of the status quo of the subject matter of the suit *pending a trial on the merits . . ..*" [Emphasis added.] See also *Genitempo v. Anderson,* 246 S.W. 742 (Tex.Civ.App.—San Antonio 1922, no writ).

We find that the district court abused its discretion, not in making its findings, but rather, after having made such findings, in granting the injunction for only a fifteen-day period. In view of the findings stated in the order granting the injunction, an injunctive period of merely fifteen days is insufficient to preserve the status quo. If appellant has established the elements required for the issuance of an injunction, as the trial court so found, he is entitled to injunctive relief until a trial can be had on the merits of the suit.

The order of the trial court granting the temporary injunction is modified so as to continue the injunction in force until the final trial on the merits, and as so modified, is affirmed.